ACCEPTED
03-14-00701-CR
6628655
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/24/2015 4:27:25 PM
JEFFREY D. KYLE
CLERK

## NO. 03-14-00701-CR

| | | | |
|---|---|---|---|
| **BARRY PIZZO** | § | **IN THE** | FILED IN<br>3rd COURT OF APPEALS<br>AUSTIN, TEXAS |
| | § | | |
| **VS.** | § | **THIRD COURT** 8/24/2015 4:27:25 PM |
| | § | | JEFFREY D. KYLE |
| **STATE OF TEXAS** | § | **OF APPEALS** | Clerk |

## MOTION TO SUPPLEMENT
## APPELLATE RECORD WITH OMITTED EXHIBITS

**TO THE HONORABLE JUSTICES OF SAID COURT:**

Now comes BARRY PIZZO, Appellant in the above styled and numbered cause, and pursuant to Tex.R.App.Pro. Rule 34.6(d), requests this Court to supplement the appellate record with omitted audio/video exhibits from trial, and for good cause would show as follows:

1.      This case is on appeal from the 207th Judicial District Court of Comal County, Texas.

2.      The case below was styled the STATE OF TEXAS vs. BARRY PIZZO, and numbered CR-2013-146.

3.      Appellant was convicted of TAMPERING WITH OR FABRICATING PHYSICAL EVIDENCE, a felony offense.

4.      Appellant was assessed a sentence of confinement in the Texas Department of Criminal Justice for LIFE.

5.      Counsel for appellant has reviewed the appellate record, with the exception of all the trial exhibits and, in particular, the items detailed below, and is

researching potential claims for relief. Through his review, Counsel has determined that several exhibits have been omitted from the Reporter's Record.

These items are:

a. State's Exhibit Number 76—a USB drive which contains material published to the jury during the course of the trial but only **a photo** of the USB drive **is currently included in the appellate record**;

b. State's Exhibit Number 75—a USB drive which contains material that was published to the jury during the course of the trial but only **a photo** of the USB drive **is currently included in the appellate record**;

c. State's Exhibit Number 51—a 'box' of photographs was admitted at trial but only **a photo** of the 'box' of photographs **is currently included in the appellate record**;

d. State's Exhibit Number 52—a 'box' of photographs was admitted at trial but only **a photo** of the 'box' of photographs **is currently included in the appellate record**;

e. State's Exhibit Number 53—a 'plastic tub' of photographs and negatives was admitted at trial but only **a photo** of the 'plastic tub' of photographs **is currently included in the appellate**

**record**;

f.     State's Exhibit Number 54—a 'banker's box' of photographs and negatives was admitted at trial but only **a photo** of the 'banker's box' of photographs **is currently included in the appellate record**;

g.     State's Exhibit Number 55—a 'banker's box' of photographs and negatives was admitted at trial but only **a photo** of the 'banker's box' of photographs **is currently included in the appellate record**;

h.     State's Exhibit Number 56—a 'banker's box' of photographs and negatives was admitted at trial but only **a photo** of the 'banker's box' of photographs **is currently included in the appellate record**;

i.     State's Exhibit Number 57—a 'box' of photographs and negatives was admitted at trial but only **a photo** of the 'box' of photographs **is currently included in the appellate record**;

j.     State's Exhibit Number 58—a 'box' of photographs and negatives was admitted at trial but only **a photo** of the 'box' of photographs **is currently included in the appellate record**;

k.     State's Exhibit Number 59—a 'box' of photographs and negatives

was admitted at trial but only **a photo** of the 'box' of photographs **is currently included in the appellate record**;

l. State's Exhibit Number 60—a 'box' of photographs and negatives was admitted at trial but only **a photo** of the 'box' of photographs **is currently included in the appellate record**;

m. State's Exhibit Number 61—Child Advocacy Center paperwork was admitted at trial but only **a photo** of the Child Advocacy Center paperwork **is currently included in the appellate record**;

n. State's Exhibit Number 63—an envelope containing 12 letters from the appellant was admitted at trial but only **a photo** of the envelope containing 12 letters from the appellant **is currently included in the appellate record**; and

o. State's Exhibit Number 66—a folder containing court documents and newspaper articles was admitted at trial but only **a photo** of the folder containing court documents and newspaper articles **is currently included in the appellate record**.

6. Accordingly, the record before this Court is incomplete and does not provide an adequate basis for review of the merits of potential claims. At a minimum, the omitted evidentiary items are believed to be relevant to the evaluation and development of claims relating to whether appellant was provided with the effective

assistance of counsel.

7.      The omitted exhibits are currently possessed by the Comal County District Clerk and/or the Official Court Reporter for the 207th Judicial District Court of Comal County, Texas.

8.      In order to facilitate a full review of the appellate record by appellate counsel and by this Court on appellate review, Appellant requests this Court to direct the Comal County District Clerk and/or the Official Court Reporter for the 207th Judicial District Court of Comal County, Texas to expeditiously copy and forward to this Court for inclusion within the appellate record, ***complete***, accurate, legible and/or audible copies of the matters depicted in:

  a.      State's Exhibit Number 76—a USB drive which contains material published to the jury during the course of the trial but only **a photo** of the USB drive **is currently included in the appellate record**;

  b.      State's Exhibit Number 75—a USB drive which contains material that was published to the jury during the course of the trial but only **a photo** of the USB drive **is currently included in the appellate record**;

  c.      State's Exhibit Number 51—a 'box' of photographs was admitted at trial but only **a photo** of the 'box' of photographs **is currently**

**included in the appellate record**;

d. State's Exhibit Number 52—a 'box' of photographs was admitted at trial but only **a photo** of the 'box' of photographs **is currently included in the appellate record**;

e. State's Exhibit Number 53—a 'plastic tub' of photographs and negatives was admitted at trial but only **a photo** of the 'plastic tub' of photographs **is currently included in the appellate record**;

f. State's Exhibit Number 54—a 'banker's box' of photographs and negatives was admitted at trial but only **a photo** of the 'banker's box' of photographs **is currently included in the appellate record**;

g. State's Exhibit Number 55—a 'banker's box' of photographs and negatives was admitted at trial but only **a photo** of the 'banker's box' of photographs **is currently included in the appellate record**;

h. State's Exhibit Number 56—a 'banker's box' of photographs and negatives was admitted at trial but only **a photo** of the 'banker's box' of photographs **is currently included in the appellate record**;

i. State's Exhibit Number 57—a 'box' of photographs and negatives was admitted at trial but only **a photo** of the 'box' of photographs **is currently included in the appellate record**;

j. State's Exhibit Number 58—a 'box' of photographs and negatives was admitted at trial but only **a photo** of the 'box' of photographs **is currently included in the appellate record**;

k. State's Exhibit Number 59—a 'box' of photographs and negatives was admitted at trial but only **a photo** of the 'box' of photographs **is currently included in the appellate record**;

l. State's Exhibit Number 60—a 'box' of photographs and negatives was admitted at trial but only **a photo** of the 'box' of photographs **is currently included in the appellate record**;

m. State's Exhibit Number 61—Child Advocacy Center paperwork was admitted at trial but only **a photo** of the Child Advocacy Center paperwork **is currently included in the appellate record**;

n. State's Exhibit Number 63—an envelope containing 12 letters from the appellant was admitted at trial but only **a photo** of the envelope containing 12 letters from the appellant **is currently included in the appellate record**; and

o. State's Exhibit Number 66—a folder containing court documents

and newspaper articles was admitted at trial but only **a photo** of the folder containing court documents and newspaper articles **is currently included in the appellate record**.

9.     Each of the requested exhibits are essential *on appeal* to the evaluation and development of claims relating to whether appellant was provided with the effective assistance of counsel.  It is apparent that many of the exhibits that were omitted from the appellate record were *'unnecessarily' admitted at the trial* of the instant cause.  However, in order to evaluate and develop a potential claim of ineffective assistance of counsel *on appeal*, each of these exhibits are essential to the appellate record.  *See* Tex.R.App.Pro. Rule 34.6(c)(3).

**WHEREFORE, PREMISES CONSIDERED**, Appellant prays that this Court grant this Motion to Supplement the Appellate Record and for such other and further relief as the Court may deem appropriate.

Respectfully submitted,

THE PASTRANO LAW FIRM, P.C.
The Old Cotton Exchange Building
202 Travis Street, Suite 307
Houston, Texas 77002
Telephone:  713.222.1100
Facsimile:   832.218.7114

By:_____
     E. CHEVO PASTRANO
     State Bar No. 24037240
     chevo@pastranolaw.com

## CERTIFICATE OF SERVICE

This is to certify that on August 24, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Comal County, Texas, via facsimile and/or email.

_____
E. Chevo Pastrano